Nash, J.
 

 The
 
 scire facias
 
 recites, that an execution • issued from the office of the Clerk of this Court, in favor of the plaintiff against several persons, of whom the defendant was one, directed to the Sheriff < >f Tyrrell county, yvhich.was.not duly returned. Upon a sufficient affidavit, •a judgment
 
 nisi
 
 was obtained against the Sheriff and the present proceeding is to make that judgment final.. The -defendant, Jones, is the Sheriff of Tyrrell, to whom the execution was directed, and one of the defendants against whom it was issued.
 

 The
 
 fieri facias
 
 was absolutely void and of no effect; and the' defendant had no pow.eiyor authority, .to execute it. At the Common Law, where the Sheriff is a party — either plaintiff or defendant — the process mdsTbe directed to the ' Coroner of the county. W.atson on Sheriffs, 87. Our Legislature has enforced this principle, by positive enactments. The Act of 1779, Revi-S tat.,-ch. 25,. sec. -7, provides that, where there is no person properly qualified to act as Sher
 
 *27
 
 iff, in any county, the Coroner shall execute all process, civil or criminal; and where there is no Sheriff or Coroner in any county, or they shall neglect or refuse to execute process, it is the duty of the Judge, either of the Superior or Supreme Court, upon proper application, “ to au-thorise and command the Sheriff of any adjoining county to execute and serve the process.” Rev. Stat., ch. 31, sec. 59. The necessity of these Legislative provisions has been experienced by every member of the legal profession. Without them, it would be in the power of a corrupt Sheriff, or Coroner, to put at defiance the mandates of the law, where the former was a party to the process, — or to abuse it to the oppression of the citizen. So important to the efficacy of the execution of the laws, are these provis* ions deemed, that, in the case of
 
 Collais
 
 v
 
 McLeod,
 
 8 Ire. 222, the Court declares, “ the process in such case, and everything done under it, null and void.” — So that a purchaser at the Sheriff’s sale acquires no title thereby. If then, the process, so directed, is null and void, it follows, as a necessary consequence, that the officer is under no obligation to take notice of it, and can, legally, do no official act under it; he can, technically, make no return upon it. The penalty, imposed by the Act of Assembly, and which is sought to be enforced here, is imposed as a penalty for the neglect of official duty, and has not been incurred by the defendant, Jones, in this case. The facts in this case are admitted by the plaintiff, upon his motion for judgment upon the
 
 scire facias;
 
 and it was submitted to the Court, whether, upon them, he was entitled to such judgment. We are of opinion he is not.
 

 Pee Cujuam. Judgment accordingly.